**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANICE JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. 4:12cv285 |
| | § | Judge Clark/Judge Mazzant |
| JPMORGAN CHASE BANK, N.A., | § | |
| Successor by Merger to CHASE | § | |
| HOME FINANCE, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On April 10, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendant's Motion for Summary Judgment [Doc. #18] be granted [Doc. #23]. On April 24, 2013, plaintiff filed Objections to the Report and Recommendation of the Magistrate Judge [Doc. #24]. On May 13, 2013, defendant filed a response [Doc. #25]. On May 23, 2013, plaintiff filed a reply [Doc. #26].

Plaintiff's first objection asserts that because Washington Mutual ("WaMu") failed to follow HUD guidelines, defendant Chase cannot escape liability for the failure to conduct the foreclosure review in 2012, as required by Section 203.606. Defendant correctly points out that the alleged section 203.606 violation was raised for the first time in the objections and should not be considered by the court. The Magistrate Judge also correctly found that defendant had no obligation to conduct

1

a face-to-face meeting or make reasonable efforts to arrange such a meeting, because WaMu owned the loan when she fell behind by three months.

Plaintiff next objects to the preclusion of her breach of contract claim for HUD violations based upon a finding that plaintiff admits that she failed to perform her own obligation under the Note and Deed of Trust, thus precluding her from bringing a breach of contract action for defendant's subsequent failure to comply with HUD regulations prior to accelerating the Note. Plaintiff argues that WaMu was shut down, which was not plaintiff's fault, and that defendant was required to follow HUD guidelines after taking over the loan. Plaintiff's last attempted payment was in April 2006, and WaMu did not go into receivership until September 25, 2008. Thus, WaMu did not prevent plaintiff from making payments on the loan. Moreover, the Magistrate Judge was correct in finding that defendant did not assume the liability of WaMu.

Plaintiff next objects to the granting of the motion on plaintiff's TDCA claim for violations of section 392.301(a)(8), which prohibits a debt collector from threatening to take an action prohibited by law. The Magistrate Judge found that the economic loss rule precluded plaintiff's recovery and that plaintiff cannot offer any evidence that defendant threatened an action prohibited by law. Plaintiff objects, asserting that she provided evidence that she has suffered anxiety and depression due to defendant's conduct and that she is entitled to mental anguish damages.

The Magistrate Judge found that plaintiff's TDCA claim was based exclusively on alleged violations of the Note and Deed of Trust. The court agrees that Texas courts do not normally permit recovery of mental anguish damages arising from breach of contractual duties. The Note and Deed of Trust also do not implicate any duty that would put defendant on notice that if it failed to pay property taxes, imposed late charges, or initiated foreclosure when not permitted, as plaintiff alleges,

that it would be held liable for any resulting mental anguish. The court also agrees with the Magistrate Judge that plaintiff's declaration fails to create a fact issue that she incurred the sort of severe mental harm that would entitle her to mental aguish damages.

Plaintiff also objects that the Magistrate Judge recommended dismissal of defendant's alleged violation of section 392.301(a)(8) based upon defendant's failure to comply with HUD regulations in 2012. The court has already rejected the notion that defendant was required to do conduct such a meeting.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiff [Doc. #24, #26], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that defendant's Motion for Summary Judgment [Doc. #18] is **GRANTED** and Plaintiff's case is **DISMISSED** with prejudice.

.

So **ORDERED** and **SIGNED** this **7** day of **June, 2013.**

_____
Ron Clark, United States District Judge